UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )   No. 17CR694 JB<br>) |
| APACHE YOUNG,<br>    Defendant. | )<br>) |

**MOTION IN LIMINE**
**FORBIDDEN ARGUMENTS**

**COMES NOW** the Defendant and moves the Court to bar the Government from making certain arguments or assertions. As grounds, the Defendant states:

1. At trial, the burden is always on the Government to prove its case beyond a reasonable doubt. *See* In Re Winship, 397 U.S. 358 (1970); Blakely v. Washington, 542 U.S. 296 (2004).

2. That any attempt by the Government to shift the burden or proof, or fault the defendant or defense for failing to call a witness, or failing to produce evidence or testifying would, or assertion of right to counsel would, therefore, be improper. See Griffin v. U.S., 380 U.S. 609 (1965).

3. At trial, the Government cannot comment on the defendant's silence while questioned by law enforcement. Doyle v. Ohio, 426 U.S. 610 (1976).

4. At trial, the Government cannot vouch for the truth of veracity

of a witness. U.S. v. Young, 470 U.S.1 (1985).

5. At trial, it is prosecutorial misconduct for the prosecutor to implore the jury to "send a message." This trial is about adjudicating his guilt or non-guilt, it is not about sending a message to the community or anyone else. Permitting these types of comments constitutes reversible error. *See* United States v. Solivan, 937 F.2d 1146, 1148-1151 (6th Cir. 1991).

**WHEREFORE**, the Defendant objects and moves this Court to forbid the Government from making these forbidden arguments of from eliciting this type of testimony or evidence at trial.

| | |
|---|---|
| This will certify that a copy of the foregoing was sent to all counsel of record on the 7$^{h}$  day of September, 2018. *Electronically Signed* Counsel for Defendant | Respectfully Submitted, *Electronically Signed* Charles E. Knoblauch 1412 Lomas NW Albuquerque, NM 87104 Phone:  (505) 842-0392 |