IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal No. 17-694 JB |
| | ) | |
| APACHE YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION IN LIMINE REQUESTING THAT COUNSEL BE PRECLUDED FROM REFERENCING THE FIRST TRIAL, FROM MAKING ARGUMENTS UNSUPPORTED BY THE RECORD, AND FROM ASKING INAPPROPRIATE QUESTIONS ON DIRECT OR CROSS-EXAMINATION

The United States respectfully requests that this Court order that counsel for both the United States and the Defendant be prohibited from speaking, directly or indirectly, to the venire panel or to the seated jury about the first trial in this case. The United States likewise asks that the parties be precluded from making arguments unsupported by the record, including arguments regarding issues not properly raised and arguments inviting jury nullification. Finally, the United States requests that the parties be precluded from asking witnesses to give inappropriate testimony, including testimony that relates to precluded evidence and testimony that includes statements of law.

## ARGUMENT

**I. Mention of the First Trial Should be Precluded.**

Irrelevant evidence should not be presented to the jury. Fed. R. Evid. 402. A fact is relevant only if it is of consequence in determining the action. Fed. R. Evid. 401(b). Arguments must be based on the record of the trial. *United States v. Leyva*, 442 Fed. Appx. 376, 382 (10th

Cir. 2011) (Gorsuch, J.) (precluding closing argument on facts not in evidence). An irrelevant fact should therefore not be the basis for argument, as it should not be admitted and placed on the record in the first place. Because the fact that a case has been previously tried is irrelevant to the disposition of the case, district courts are justified in precluding mention of a prior trial. *See United States v. McAleer*, 221 F.3d 1353, *3 (10th Cir. 2000) (unpublished table decision) (finding no error and stating "the district court 'drew the line' in about the proper place" by preventing reference to "prior trial" and requiring parties to refer only to testimony at a "prior hearing").

Reference to the prior trial would be improper because it has no bearing on the Defendant's guilt, and is therefore irrelevant and inadmissible under Rules 401 and 402. Such reference would prejudice the United States, because it could erroneously be taken by the jury as an indication of reasonable doubt that the Defendant committed the crime.

**II.     Arguments Unsupported by the Record Should be Precluded.**

Counsel must not violate "the cardinal rule of closing argument: that counsel must confine comments to evidence in the record and to reasonable inferences from that evidence." *Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122, 1128-29 (10th Cir. 2009). Arguments unsupported by the record, including those on issues not properly raised and those encouraging jury nullification, are unhelpful to the proceedings and would distract and confuse the jury. The Defendant's argument in the first trial included several such arguments, which may have contributed to that jury's failure to reach a verdict.

   *A. Arguments on Issues Not Properly Raised Should be Precluded.*

The statutory exclusion for antique firearms creates "an affirmative defense rather than an element of the government's prima facie case," in a felon-in-possession prosecution. *United*

2

*States v. Basnett*, 735 F.3d 1255, 1257 (10th Cir. 2013) (citing *United States v. Neal*, 692 F.2d 1296 (10th Cir. 1982)). The Defendant argued at the first trial, and in a motion to acquit, that the United States had failed to prove that the firearm in question was not an antique firearm. (Tr. Excerpt – Opening Statements and Closing Args. 22-23, Doc. No. 110; Mot. for J. of Acquittal 3, Doc. No. 103). This argument was presented despite the fact that the Defendant did not raise the issue during cross-examination.

Instead of asking the witness the operative question—the age of the handgun the Defendant allegedly possessed—defense counsel asked opaque questions about the age of the "mechanism" and noted that "semi-automatic pistols weren't invented yesterday, were they?" (Tr. Excerpt – Trial Testimony Only, 64-65, Doc. No. 109). In failing to raise the question on cross, the Defendant avoided a direct answer from the witness that would have resolved the question in favor of the United States. This allowed the Defendant to sow unreasonable doubt in his closing argument by suggesting that the gun could have been an antique.

### B. *Arguments Encouraging Jury Nullification Should be Precluded.*

A subset of arguments inherently unsupported by the record are arguments inviting jury nullification. A party cannot suggest to a jury that they should substitute their own sense of justice for the law as dictated by the court. *See United States v. Sealander*, 91 F.3d 160, *23 (10th Cir. 1996) (unpublished table opinion) ("Neither a judge nor a party can encourage a jury to disregard the law.") (citing cases rejecting jury nullification instructions and holding defense counsel may not argue jury nullification during closing); *see also United States v. Gonzalez*, 596 F.3d 1228, 1237 (10th Cir. 2010) ("[W]e disapprove of the encouragement of jury nullification").

The Defendant argued at the first trial that Officer Jason Harvey stereotyped the

3

Defendant: "Harvey went after Apache, because of the tattoos. He's stereotyping Apache because of his tattoos. That's not the way we do things here. That's not – in this country we don't stereotype people like that. We don't just paint them with a black brush like that, the way Officer Harvey did. We don't do that in this country. We shouldn't anyway." (Tr. Excerpt – Opening Statements and Closing Args 21, Doc. No. 110). This argument was unsupported by the record. There is no evidence that Officer Harvey engaged in stereotyping, and Officer Harvey provided ample reasons for investigating the Defendant's conduct, including the nature of the area, the fact that the truck the Defendant was driving appeared abandoned and potentially stolen, and the Defendant's own behavior in attempting to distance himself from the firearm Officer Harvey observed him carrying.

The Defendant, rather than argue that he did not possess a firearm as a felon, argued that Officer Harvey had behaved inappropriately, implying that there should be some consequence for such misbehavior. The Court addressed and disagreed with this line of argumentation in its order denying the Defendant's Motion to Suppress. (Mem. Op. and Order 2, Doc. No. 61) (declining to suppress evidence). The Court's determination that Officer Harvey's conduct was not improper should preclude the Defendant from arguing otherwise to the jury. The Defendant's argument questioning Officer Harvey's motives for investigating the Defendant does nothing but invite jury nullification. It is improper and the Court should preclude the Defendant from repeating the argument at the second trial.

### III. Improper Questions Should Be Precluded.

#### A. *Questions Asking for Conclusions Regarding Evidence That Has Been Precluded Should Themselves Be Precluded.*

This Court has previously applied the generally accepted rule that when the United States has been precluded from introducing prejudicial evidence, the United States may introduce that evidence if the Defendant "opens the door." *See, e.g.*, *United States v. Ashley*, CR No. 04-2497 JB, 2006 WL 4109679, *3 (D.N.M. Aug. 1, 2006) (Browning, J.)

As the Court is aware, there were a wide variety of items present in the truck the Defendant was driving on November 13, 2016. Some of these items, such as camping equipment, are innocuous. Others, such as the 16 pairs of panties in various sizes and states of decomposition, suggest potential wrongdoing. Because of the prejudicial nature of the panties, the United States did not seek to introduce them during the first trial, and the Court precluded the United States from doing so "unless defendant brings up the subject." (Clerk's Minutes on 9/12/18 2, Doc. No. 85).

On cross-examination in the first trial, defense counsel questioned Officer Harvey as to items present in the truck: "And all of the things that you saw in the truck, it looks like – it looks like a cooler or a rucksack or a sleeping bag, perhaps, a lot of sort of unnamed items, all consistent with perhaps camping or being outdoors recently?" (Tr. Excerpt – Trial Testimony Only 45, Doc. No. 109).

This line of questioning is improper, because it asks the witness to draw conclusions about the contents of the truck without being able to discuss the entirety of the contents. Just as part of a recorded statement cannot be admitted on its own without also admitting any other part of the recording necessary for a fair interpretation of the recording, Fed. R. Evid. 106, the

Defendant should be prevented from discussing the contents of the truck in a truncated and misleading fashion. Put simply, the contents of the truck are not entirely consistent with camping. To ask a witness to draw such a conclusion is a mischaracterization of the evidence. It presents a disciplined witness with an improper choice: characterize the evidence correctly by venturing into prejudicial territory or agree to the Defendant's half-true mischaracterization.

The Defendant in asking witnesses to draw conclusions about the contents of the truck opens the door to discussion of all the contents of the truck. In pursuing this line of questioning, the Defendant has "[brought] up the subject." Accordingly, the United States asks the Court to preclude the Defendant from asking questions that directly or indirectly raise conclusions about precluded evidence, and to allow the United States to introduce the complete contents of the truck, including the panties, if the Defendant pursues this tack.

### B. Questions Asking for Legal Conclusions Should Be Precluded.

Witnesses are not permitted to testify to legal conclusions. *Van Winkle v. Crowell*, 146 U.S. 42, 29 (1982). In the same cross-examination that included improper questions about the contents of the truck, the Defendant also asked the witness to provide legal conclusions:

> Q. Okay. And you spoke about him telling you not to search the truck or stating that he didn't want you to go in the truck; is that right?
> A. Yes.
> Q. And a person does have a right to refuse consent to search his personal items; correct?
> A. They can, but the truck is going to be inventoried after being arrested, yeah.
> Q. Right. So it's going to be searched anyway, but a person can refuse consent; correct?
> A. Correct.

(Tr. Excerpt – Trial Testimony Only 46, Doc. No. 109).

Officer Harvey is not a lawyer, and even if he were, the law must come only from the Court. *See United States v. Kingston*, 971 F.2d 481, 486 (10th Cir. 1992) ("[L]ay witnesses and

even expert witnesses are not permitted to give opinions as to what the law is."). This line of questioning serves no relevant purpose, and is likely to confuse the jury. It also, like the Defendant's other arguments, ventures into the realm of inviting jury nullification. Any lawyer familiar with Fourth Amendment law knows that the inventorying of a vehicle after an arrest is permissible—never mind the fact that a search warrant was obtained in this case. But the way the issue was raised by the Defendant could easily confuse a jury. Defense counsel has the witness testify as to a statement of law: that an individual has a right to refuse consent to search his personal items. The leading question that follows states that "it's going to be searched anyway." This formulation—the Defendant has a right to refuse, but it will be searched anyway—implies a violation of the Defendant's rights. At worst this implication invites jury nullification, at best it risks confusing the jury with extraneous legal statements elicited from a witness. This danger of confusion can and should be eliminated by precluding both parties from asking witnesses to make statements of law or to draw legal conclusions.

## **CONCLUSION**

The Defense arguments and questions described above, and others like them, serve only to confuse and distract the jury from its duty and goal: to review the evidence in the record in the context of the law as instructed by the Court and to render a verdict based only on relevant evidence and argument. Any mention of the first trial is inappropriate, and the United States requests the Court order both parties to refrain from mentioning it. Because the Defendant has engaged in arguments unsupported by the record, the United States asks the Court to order both parties to refrain from such arguments in this trial. Finally, the United States asks the Court to preclude questions asking witnesses to draw legal conclusions, and to preclude inappropriate questions opening the door to prejudicial evidence. If this latter order is disobeyed, the United

States requests that it be allowed to introduce the prejudicial evidence in order to correct the record.

Accordingly, the United States requests that this Court, for the reasons stated above and pursuant to Federal Rules of Evidence 102, 103(d) and 611, which establish a court's authority for controlling the order of proceedings before it, order the preclusion of both the United States and the Defendant from speaking to the venire panel or to the jury in any way about the first trial, from making arguments not supported by the record, and from asking inappropriate questions about precluded evidence or the law.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

Electronically filed on 11/9/2018
KRISTOPHER N. HOUGHTON
PAUL E. SCHIED
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1481

I hereby certify that on November 9, 2018, I filed the
foregoing electronically through the CM/ECF system,
which caused counsel for the defendant to be served
by electronic means, as more fully reflected on the
Notice of Electronic Filing.

_____/s/_____
PAUL E. SCHIED
Assistant United States Attorney