# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                No. CR 17-0694 JB

APACHE YOUNG,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Apache Young's Motion For a New Trial, filed July 23, 2019 (Doc. 209)("Motion"). The Court held a hearing on the Motion on August 14, 2019. See Clerk's Minutes at 1, filed August 14, 2019 (Doc. 216). The primary issue before the Court is whether the Supreme Court of the United States of America's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), entitles Defendant Apache Young to a new trial when his conviction's jury instructions did not require the jury to find that Young knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Court concludes that Young is not entitled to a new trial, because he fails to prove either that the missing jury instruction affects his substantive rights, or that it seriously affects the judicial proceedings' fairness, integrity, or public reputation.

## FACTUAL BACKGROUND

On March 14, 2017, a federal grand jury returned an indictment charging Young with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] See Indictment at 1, filed

---

[1]The Indictment states, in relevant part:

[o]n or about November 13, 2016, in Bernalillo County, in the District of New Mexico, the defendant, **APACHE YOUNG,** having been convicted of at least one

March 14, 2017 (Doc. 2). The Court declared a mistrial after his first trial, because of "the Jury's inability to reach a decision as to the Indictment." Order of Mistrial, filed September 19, 2018 (Doc. 97). Young was tried again and was convicted of being a felon in possession of a firearm by a new jury. See Jury Verdict as to Apache Young, filed December 10, 2018 (Doc. 175). The jury instructions required the jury to find that Plaintiff United States of America proved the following elements:

> *First:* Mr. Young knowingly possessed a firearm;

> *Second:* Mr. Young was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and.

> *Third:* Before Mr. Young possessed the firearm, the firearm had moved at some time from one state to another.

Court's Final Jury Instructions (Trial 2) at 13, filed December 10, 2018 (Doc. 172). After the verdict, but before the Court sentenced Young, the Supreme Court issued its opinion in Rehaif v. United States. In Rehaif v. United States, the Supreme Court held that, in a prosecution under 18 U.S.C. § 922(g), the United States must prove both that the defendant knew he possessed a firearm, and that he knew he belonged to the relevant category of persons barred from possessing a firearm. See Rehaif v. United States, 139 S. Ct. at 2200.

## PROCEDURAL BACKGROUND

Young filed his Motion on July 23, 2019. See Motion at 1. The Court held a hearing on the Motion on August 14, 2019. See Clerk's Minutes at 1, filed August 14, 2019 (Doc. 216). After

---

of the following felony crimes punishable by imprisonment for a term exceeding one year: (1) receiving and transferring a stolen motor vehicle, (2) attempt to commit a felony, to wit robbery, (3) aggravated battery, knowingly possessed, in and affecting commerce, a firearm. In violation of 18 U.S.C. §§ [sic] 922(g)(l).

Indictment at 1 (emphasis in Indictment).

the hearing, the Court requested additional briefing on several issues.  See Order, filed August 21, 2019 (Doc. 219)("Order").

1.      **The January 8, 2019, MOO.**

The Court issued a written opinion memorializing its rulings for Young's pretrial motions on January 8, 2019.  See United States v. Young, No. CR. 17-0694 JB, 2019 WL 133268 (D.N.M. Jan. 8, 2019)(Browning, J.)("MOO").   In the MOO, the Court justified excluding Young's probation officer's testimony under rule 404(b) of the Federal Rules of Evidence.  See 2019 WL 133268, at *25.  The probation officer had planned to testify that, "in 2008, he advised Young that, pursuant to state and federal law, Young could no longer possess a firearm."  See 2019 WL 133268, at *26.  After Young requested that the Court exclude this testimony, see 2019 WL 133268, at *27, the Court concluded that the probation officer's testimony was "not probative to proving knowledge, or to showing absence of mistake and lack of accident."  2019 WL 133268, at *28.  It further concluded that "[t]estimony regarding conditions that resulted from Young's criminal conduct leans heavily towards propensity evidence; its probative value decreases when the jury will not interpret the evidence for a purpose other than propensity, and the prejudicial effect is substantial, thus, warranting exclusion."  2019 WL 133268, at *28.  The Court also noted that the United States could "satisfy its burden" without the evidence, and therefore excluded the testimony.  See 2019 WL 133268, at *28.

2.      **The Motion.**

Young argues that he is entitled to a new trial under rule 33 of the Federal Rules of Criminal Procedure.  See Motion at 1.  He states that the jury instructions at his second trial did not require the jury to find that three elements were satisfied to find him guilty of violating 18 U.S.C. § 922(g).

See Motion at 2 (citing Court's Final Jury Instructions (Trial 2), filed December 10, 2018 (Doc. 172)). Young argues that these jury instructions do not require the jury to find that he was prohibited from possessing a firearm, and "at neither trial or other proceeding did the Government produce evidence to the jury that, due to a felony conviction, the Defendant was aware at the time of the offense, he was prohibited from possessing a firearm as defined by law." Motion at 2. He argues that Rehaif v. United States held that the United States "must prove, beyond a reasonable doubt, that the accused both knew he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm," Motion at 2, and that he is therefore entitled to a new trial, see Motion at 3.

**3.     The Response.**

The United States responded and requests that the Court deny Young's Motion. See United States Response to Defendant's Motion for New Trial at 1 (Doc. 209), filed August 6, 2019 (Doc. 214)("Response"). The United States first says that Young did not preserve his objection to the jury instructions. See Response at 7. It argues that, because Young did not object to the instructions, the Court must review the jury instructions for plain error under rule 52(b) of the Federal Rules of Criminal Procedure. See Response at 7 (citing United States v. Johnson, 302 F.3d 139 (3d Cir. 2002); Henderson v. United States, 568 U.S. 266, 273 (2013); 3B Fed. Prc. & Proc. Crim § 851 (4th ed. 2013)). The United States argues that Young cannot show plain error, because "he cannot meet his burden of showing prejudice to his substantial rights, and because the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings." Response at 7-8.

The United States provides the standard for granting a defendant relief under rule 52(b) of the Federal Rules of Criminal Procedures: "'First, there must be an error that has not been

intentionally relinquished or abandoned. Second, the error must be plain -- that is to say, clear and obvious. Third, the error must have affected the defendant's substantial rights.'" Response at 8 (citing <u>Molina-Martinez v. United States</u>, 136 S. Ct. 1338, 1343 (2016); <u>United States v. Olano</u>, 507 U.S. 725 (1993)). It argues that, to prove the third prong -- prejudice to Young's substantial rights -- he must "'show a reasonable probability that, but for the error,' the outcome would have been different." Response at 8 (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 76, (2004)). It notes that, if these three prongs are met, the Court must determine whether the error "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Response at 9 (quoting <u>United States v. Olano</u>, 507 U.S. at 736). The United States argues that, including this last "discretionary factor," Young does not show he is entitled to relief at three out of four analysis stages. Response at 9.

First, the United States argues that Young cannot show prejudice to his substantial rights, because he cannot show a reasonable probability of acquittal. <u>See</u> Response at 9. The United States says he cannot show a reasonable probability of acquittal, because there is ample evidence that Young knew he was a felon, and <u>Rehaif v. United States</u> suggests that it is easy for the United States to prove a felon's knowledge of his status. <u>See</u> Response at 10 (citing <u>Rehaif v. United States</u>, 139 S. Ct. at 2198). The United States argues that <u>United States v. Liparota</u>, 471 U.S. 419, 434 (1985), suggests that proving a defendants' knowledge of his or her status is not a heavy burden, and the case's facts make it "abundantly clear that Young knew that he was a convicted felon." Response at 10. The United States notes that Young stipulated to the fact that he was a convicted felon. <u>See</u> Response at 10. He also lied to the arresting officer about whether he had firearms in his truck. <u>See</u> Response at 11. The United States argues that, because "lying about firearms is strong evidence of consciousness of guilt," had the jury "been instructed that knowledge

of status was an element of the crime, they would have undoubtedly been able to recollect this evidence and find Young guilty." Response at 11. It then asserts that, had the Court known that felony status knowledge was an element, it would have also admitted the probation officer's testimony that he told Young in 2008 that he could no longer possess a firearm. See Response at 11-12 (citing United States v. Young, 2019 WL 133268, at *26-27). The United States also asserts that it "would have sought to introduce each and every piece of evidence indicating that Young knew he was a convicted felon." Response at 12. It argues that Young likely would have stipulated to his knowledge and that "[t]o pretend otherwise is folly." Response at 12.

The United States also argues that the Court should deny the Motion, because the error "does not seriously affect the fairness, integrity, or reputation of the judicial proceedings." Response at 13. It insists that the Court should follow United States v. Johnson, 520 U.S. 461 (1997), where the Supreme Court did not analyze whether a missing jury instruction prejudiced the defendant, but instead denied relief where the trial court's error did not affect the fairness, integrity, or public reputation of judicial proceedings. See Response at 13 (citing United States v. Johnson, 520 U.S. at 469). The United States analogizes Young's case to United States v. Johnson and says that evidence that Young knew he is a felon was similarly "'uncontroverted.'" Response at 13 (quoting United States v. Johnson, 520 U.S. at 469). The United States also cites United States v. Cotton, 535 U.S. 625 (2002), in which the Supreme Court again did not analyze whether a defendant was prejudiced and instead held that defendants could receive an enhanced sentence even though the prosecution had omitted a fact necessary to support the enhancement from the indictment. See Response at 13-14 (citing United States v. Cotton, 535 U.S. at 634). The United States argues:

The public reputation of judicial proceedings would be damaged by a defendant like Young -- who is clearly guilty and whose guilt is not put into doubt by the addition of a knowledge-of-status element -- receiving another trial, at great public expense, because of a Supreme Court opinion requiring proof of something that so obviously exists in his case.

Response at 14.

Finally, in a footnote, the United States suggests that "[t]here is an argument" that Young intentionally relinquished his objection by requesting that the Court keep out the probation officer's testimony that Young signed a statement indicating that he knew he was a felon. Response at 9 n.8. The United States argues that "Young should be deemed to have waived his objection when he engaged in 'a litigation position that was fundamentally inconsistent' with his objection." Response at 9 n.8 (quoting United States v. Cruz-Rodriguez, 570 F.3d 1179, 1184 (10th Cir. 2009)).

### 4.     **The Reply**.

Young submitted a reply to the Response. See Defendant's Reply to Plaintiff's Response to His Motion For a New Trial, filed August 9, 2019 (Doc. 215)("Reply"). Young makes five additional points. He first argues that "it is imperative that each and every element required for conviction be proven to a jury beyond a reasonable doubt," and that the United States cannot merely assert that it could have proven an element if it knew it had to prove the element. Reply at 1. Second, he notes that "a conviction based on a Constitutional deprivation" is prejudicial according to "200 years of cases on due process." Reply at 1. Third, Young states that Rehaif v. United States requires that the United States prove that the defendant knew he was a felon "at the time he possessed firearms" and that post-charging knowledge is irrelevant. Reply at 1. Fourth, he argues that the Court should grant a new trial to avoid 28 U.S.C. § 2255 motions and the potential for a ruling inconsistent with other federal courts. See Reply at 2. Finally, Young argues

that rule 29 of the Federal Rules of Criminal Procedure requires a trial court to dismiss charges where the United States has failed to prove, or even address, a crime's necessary element. See Reply at 2.

### 5. The August 14, 2019, Hearing.

The Court held a hearing on the Motion on August 14, 2019. See Draft Transcript of Hearing at 1:23 (taken August 14, 2019)("Tr.").[2] Young began by arguing that, because the United States did not produce any evidence regarding Young's knowledge of his status, the Court should grant a new trial. See Tr. at 3:5-10 (Knoblauch). He argued that Rehaif v. United States likely will produce a lot of litigation and lead to circuit splits, and that, "just to be on the safe side," the "proper thing to do" is to grant a new trial. Tr. at 3:20-22 (Knoblauch).

After some discussion about Rehaif v. United States' impact on federal courts, the Court asked how Young would draft the new jury instructions. See Tr. at 6:25-7:2 (Court). Young responded that he believed Rehaif v. United States only requires that the defendant knew he was a felon -- not that the defendant also knew he could not possess a gun. See Tr. at 7:3-17 (Court, Knoblauch); id. at 8:10-11 (Knoblauch)("The bottom line is [that] he knew of his status."). In response to the Court's questioning, Young stated that he did not know of an analogous circumstance where the Supreme Court added an element to a crime between the time a defendant was convicted at trial and his sentencing. See Tr. at 8:12-25 (Court, Knoblauch). He stated that

---

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

he is probably in a "very, very small category" of similarly situated defendants.  Tr. at 9:5 (Knoblauch).

The United States then argued in response.  <u>See</u> Tr. at 9:25.  The Court first asked the United States to clarify its likely approach on appeal.  <u>See</u> Tr. at 10:1-11-5.  The Court then asked whether the Department of Justice is "going to take a position in my case, [or in] any case, that <u>Rehaif</u> is not applicable to felon in possession case[s,] because <u>Rehaif</u> dealt with some category" of 28 U.S.C. § 922(g) other than § 922(g)(1).  Tr. at 12:19-23.  The United States stated that it did not think that the Department of Justice would take that position, <u>see</u> Tr. at 13:1-5 (Schied), and that the Department of Justice now believes that felony status knowledge is an element of the crime of felon in possession, <u>see</u> Tr. at 13:18-20 (Schied).

The Court and the United States then discussed the appropriate standard for reviewing a new trial motion.  <u>See</u> Tr. at 14:2-16:25 (Court, Schied).  The United States admitted that it did not, at the moment, have a United States Court of Appeals for the Tenth Circuit case supporting the proposition that a district court applies the plain error standard of review for new trial motions.  <u>See</u> Tr. at 15:8-11 (Schied).  The Court stated that it had probably written on this issue before, but that it could not recall the correct standard.  <u>See</u> Tr. at 16:3-20 (Court).

The Court then asked the United States to explain why, in its Response, it discussed all the facts concerning Young's knowledge of his status as a felon.  <u>See</u> Tr. at 17:1-7 (Court).  The United States explained that the evidence of Young's knowledge shows that the jury would have convicted him at trial even with <u>Rehaif v. United States</u>' new element.  <u>See</u> Tr. at 17:8-21 (Schied). The United States then discussed this evidence: Young's stipulation that he is a felon and Young's lie to a police officer that he did not have any weapons in his car.  <u>See</u> Tr. at 17:21-19:6 (Schied). The United States noted that evidence not introduced at trial is "even more damning in its proof

that Young knew he was a felon at the time of the crime." Tr. at 19:11-13 (Schied).  According to the United States, this evidence included a probation officer's statements that Young signed a statement acknowledging that he is a felon who cannot possess firearms, as well as the number of Young's previous felony convictions and the sentences he received for them.  See Tr. at 19:13-20:9 (Schied).  The United States then speculated that Young would have stipulated to knowing his status.  See Tr. at 20:18-21:1 (Schied).

In response to a question posed to Young, the United States cited United States v. Johnson, 302 F.3d 139 (3d Cir. 2002), as one case where intervening law added an element to a crime.  See Tr. at 21:11-20 (Schied).  It argued that the Court could also draw support for denying a new trial from this case, by applying United States v. Johnson's discretionary factor, and concluding that any error did not seriously affect the judicial proceedings' fairness or integrity.  See Tr. at 21:21-22:14 (Schied).

The United States then addressed an argument that it made only in a footnote in its brief. See Tr. at 23:1-24:5 (Schied).  It reiterated that Young had taken litigation positions "fundamentally incompatible" with his present objection, Tr. at 23:9 (Schied), and that, while Young could argue that he was unaware of Rehaif v. United States during trial, "defense counsel in this case has shown on multiple occasions that he is able to make objections that under current Tenth Circuit [precedent] . . . you appear not to have much of a chance," Tr. at 23:15-18 (Schied). The United States also argued that the Court "would be on very solid footing in finding that the defendant has actually waived" his plain error challenge.  Tr. at 24:15-16 (Schied).

Next, the United States cited cases for the Court concerning the plain error standard.  See Tr. at 24:24-25:14 (Schied)(citing United States v. Taylor, 295 F. App'x 268 (10th Cir. 2008)(unpublished); United States v. Rodella, No. CR 14-2783 JB, 2015 WL 711949 (D.N.M.

Feb. 6, 2015)(Browning, J.)).  It also argued that rule 52(b) of the Federal Rules of Criminal Procedure suggests that plain error governs a district court's new trial motion review.  See Tr. at 25:15-23 (Schied).  The United States concluded by arguing that Rehaif v. United States creates "unavoidable tension with Old Chief [v. United States, 519 U.S. 172 (1997)]," Tr. at 26:14-15 (Schied), and asked that the Court keep this tension "in mind when ruling on this issue."  Tr. at 26:25-27:1 (Schied).

Young argued again.  See Tr. at 27:2.  He suggested that a defendant could resolve the tension between Rehaif v. United States and Old Chief v. United States by stipulating to his knowledge, see Tr. at 27:9-15 (Knoblauch), although he later adamantly maintained that he would not do so if granted a new trial, see Tr. at 32:22-25 (Knoblauch).  Young argued that his stipulation that he was a felon was not a stipulation that he knew he was a felon at the time he committed the crime, and that, regarding Young's lie to the police officer about whether he had weapons in his truck, "[t]here are a number of reasons why somebody would deny" that he had weapons.  Tr. at 28:13-14 (Knoblauch).  See id. at 27:16-28:12 (Knoblauch).  He also noted that, in New Mexico, there "is absolutely no blanket []law denying felons the right to have a firearm" if the felony is ten years old.  Tr. at 29:4-5 (Knoblauch).  Before the hearing concluded, the United States offered to provide additional briefing on the plain error standard's application to new trial motions.  See Tr. at 31:5-18 (Schied).

### 6. **The Supplemental Brief.**

After the hearing, the United States submitted supplemental briefing on the plain error standard.  See United States' Supplemental Briefing on Plain Error Standard For Defendant's Motion For New Trial (Doc. 209), filed August 16, 2019 (Doc. 217)("Supplemental Brief").  The United States argues that rule 52 "contains no language restricting it to district or appellate courts,

and there is nothing to indicate that it is cabined to cases on appellate review." Supplemental Brief at 1. The United States then cites district court cases applying rule 52's plain error standard to new trial motions. See Supplemental Brief at 2 (citing United States v. Campbell, No. CR 15-3947 RB, 2017 WL 3530384 (D.N.M. Aug. 16, 2017)(Brack, J.), aff'd 763 F. App'x 745 (10th Cir. 2019); United States v. Axworthy, No. CR 13-1948 LFG, 2013 WL 12329142 (D.N.M. Oct. 30, 2013)(Garcia, Mag. J.); United States v. Powell, 165 F. Supp. 2d 1230 (D. Kan. 2001)(Vratil, J.); United States v. Miller, 958 F. Supp. 563 (D. Kan. 1997)(Saffels, J.)). The United States also argues that rule 52's advisory notes also support its application to new trial motions. These notes, the United States asserts, say that rule 52 applies to new trial motions, and their language suggests that it is not limited to appellate courts. See Supplemental Brief at 2.

7. **The Order.**

The Court filed the Order requesting briefing from the parties shortly after the hearing. See Order, filed August 21, 2019 (Doc. 219)("Order"). In the Order, the Court asked the United States to provide "any and all United States Department of Justice directives regarding prosecuting offenses under 18 U.S.C. § 922(g) in light of the Supreme Court of the United States' decision in Rehaif v. United States, 139 S. Ct. 2191 (2019)." Order at 1. The Court also requested "that the United States address whether United States v. Wacker, 72 F.3d 1453 (10th Cir. 1995)[Wacker], controls the Court." Order at 1. Next, the Court asked the United States to "account for the United States' position in United States v. Haag, 773 F. App'x 1042 (10th Cir. 2019)(unpublished)["Haag"], wherein the Tenth Circuit grants the parties' joint request to vacate the defendant's conviction under § 922(g)(1) 'in light of *Rehaif v. United States.*'" Order at 2 (quoting United States v. Haag, 773 F. App'x at 1042). Finally, the Court asked a United States appellate attorney to address

whether, on appeal, the United States intends: (i) to argue that the Court's decision not to instruct the jury that Young "knew he belonged to the relevant category of persons barred from possessing a firearm" was plain error; (ii) to argue that the Tenth Circuit should review the Court's decision according to a different standard; or (iii) to confess error.

Order at 2.

8.   **The Order Response.**

The United States responded on September 4, 2019, and addressed each of the Court's requests.  See United States Supplemental Briefing in Response to the Court's Order, filed September 4, 2019 (Doc. 220)("Order Response").  It first argues that Department of Justice guidance is attorney-work product.  The United States then argues that other Tenth Circuit caselaw controls.  It concluded by stating that it would argue on appeal that a new trial for Young is not warranted.

a.   **The United States Argues that Department of Justice Guidance is Attorney-Work Product.**

The United States declined the Court's request to provide Department of Justice guidance regarding Rehaif v. United States.  See Order Response at 1-2.  The United States cites several cases holding that U.S. agency documents concerning litigations strategy are attorney-work product.  See Order Response at 1-2 (citing Delaney, Migdail & Young, Chartered v. Internal Revenue Srv., 826 F.2d 124 (D.C. Cir. 1987); DocuFreedom, Inc. v. United States Dep't of Justice, 2019 WL 3858166, at *8 (D. Kan. Aug. 16, 2019)(Crabtree, J.); N.Y. Times v. United States Dep't of Justice, 101 F. Supp. 3d 310 (S.D.N.Y. 2015)(Cote, J.); Nat'l Ass'n of Criminal Def. Lawyers v. Exec. Office for United States Attorneys, 75 F. Supp. 3d 552 (D.D.C. 2014)(Kollar-Kotelly, J.)). The United States acknowledges that the attorney-work product doctrine does not shield documents from a court, but nevertheless argues that its principles apply here:

The United States is not certain whether the Court's order contemplates the disclosure of the *Rehaif* guidance to defense counsel as well. If it does, the United States would strenuously object to sharing its work product with an opposing party. If the Court, however, merely envisions *in camera* review of the guidance, the United States would raise a different concern, namely that such an *ex parte* communication, bearing directly on a contested issue in this case, might be viewed as improper. In any event, the guidance has no independent legal significance, and the United States respectfully asks that the Court rule on -- and deny -- Young's motion based on the briefings, argument, and record in this case.

Order Response at 2.

> **b.** **The United States Argues That <u>Wacker</u>, <u>Haag</u>, and <u>United States v. Mansfield</u>, 2019 WL 3858511 (D. Colo. Aug. 18, 2019), are Distinguishable, and That Other Tenth Circuit Case Law Controls.**

The United States next addresses Tenth Circuit case law and first discusses <u>Wacker</u>, 72 F.3d 1453. The United States argues that, although in that case the Tenth Circuit remanded for a new trial after a later Supreme Court case revealed an instructional error, <u>Wacker</u> "does not hold that such course is always appropriate." Order Response at 3. It notes that the Tenth Circuit "canvassed the record" before it decided to remand the case, Order Response at 3 (citing <u>Wacker</u>, 72 F.3d at 1464), and that its holding is consistent with the plain error standard, <u>see</u> Order Response at 3-4. In contrast to <u>Wacker</u>, the United States argues that the intervening Supreme Court decision here does not require the jury to answer a series of new, fact-specific questions before convicting. Order Response at 4-5. Here, the United States argues that the "Court *can* say that the jury would have interpreted the far simpler instruction" and convicted Young, Order Response at 4 (emphasis in original), "partly because the missing instruction in Young's case is more straightforward than that in <u>Wacker</u>," Order Response at 5, and partly because the jury heard "ample facts" that Young knew his status as a felon, Order Response at 5-6. The United States asserts that there is a "vast difference between the evidence in <u>Wacker</u>" and the evidence here. Order Response at 6. "One

was a case muddled by a nuanced instruction and unclear facts.  The other is a straightforward instruction and facts that make clear the element was satisfied."  Order Response at 6.

The United States also argues that <u>Wacker</u> is distinguishable based on the "fourth factor of plain-error analysis."  Order Response at 6.  It asserts that the Court "can have no doubt that Young knew he was a felon," and that therefore his conviction "does not negatively impact the fairness, integrity, or reputation of judicial proceedings."  Order Response at 6.  The United States argues that, under the circumstances, and in light of all the evidence that the United States could not introduce at trial attesting to Young's knowledge, "[t]o give him a new trial under these circumstances would itself harm the reputation of judicial proceedings."  Order Response at 7.

The United States similarly distinguishes <u>United States v. Mansfield</u>, where the United States conceded that the trial court must vacate the defendant's sentence in light of <u>Rehaif v. United States</u>.  <u>See</u> Order Response at 7-8; 2019 WL 3858511, at *1.  The United States argues that the evidence supporting the defendant's knowledge was much weaker in that case.  <u>See</u> Order Response at 8.  There, the United States argues that the defendant's knowledge of his status "was so lacking that it would have been deemed insufficient to uphold the jury's verdict had it come after <u>Rehaif</u>."  Order Response at 8.  The United States also distinguishes <u>Haag</u>, 773 F. App'x 1042.  <u>See</u> Order Response at 8-9.  In that case, the United States agreed that there was insufficient evidence to prove knowledge of status, and the defendant was already serving a lengthy state sentence.  <u>See</u> Order Response at 8-9.  In contrast, the United States argues that Young "is in a very different position," because he has no pending state sentence, and there is sufficient of evidence that he knew he was a felon.  Order Response at 9.

The United States argues that other Tenth Circuit opinions control and support its position.  <u>See</u> Order Response at 9-11.  The United States discusses <u>United States v. Little</u>, 829 F.3d 1177

(10th Cir. 2016), where an intervening Supreme Court decision changed proper jury instructions. See Order Response at 10 (citing United States v. Little, 829 F.3d at 1182). In that case, the United States says, the Tenth Circuit applied harmless error review, because the defendant preserved the objection. See Order Response at 10. Under this standard, the Tenth Circuit found that the error was harmless, "'because a reasonable jury would be compelled to conclude'" that the defendant satisfied the new element. Order Response at 11 (quoting United States v. Little, 829 F.3d at 1183). The United States concludes by noting that United States v. Little demonstrates that, in reviewing a new trial motion, courts must engage in a "fact-sensitive review that takes into account the complete record and the likely impact of error." Order Response at 11.

> **c.    The United States Asserts That It Will Argue on Appeal That a New Trial is Not Warranted.**

Finally, the United States declares that, were the Court to grant Young's motion, "the United States would consider an appeal" and argue that the Court erred, because Young failed "to carry his burden on the third and fourth prongs of plain-error review." Order Response at 11. The United States says that it will not concede at the Tenth Circuit that the error requires a new trial, that plain error analysis applies, and that failing to include a "knowledge-of-status" instruction does not support granting a new trial. Order Response at 12.

> **9.    The Second Supplemental Brief.**

The United States filed further supplemental briefing on September 25, 2019. See United States' Supplemental Briefing Apprising the Court of Recent Caselaw, filed September 25, 2019 (Doc. 221-1)("Second Supplemental Brief"). The Second Supplemental Brief discusses two cases: United States v. Benamor, 937 F.3d 1182 (9th Cir. 2019), and United States v. Bowens, 938 F.3d 790 (6th Cir. 2019). See Second Supplemental Brief at 1. The United States first discusses United

States v. Benamor, in which the United States Court of Appeals for the Ninth Circuit upheld a pre-

Rehaif v. United States conviction where the defendant had seven felony convictions, including

one for being a felon in possession of a firearm, and argues that Young's facts are "strikingly

similar." Second Supplemental Brief at 2. See id. at 1 (citing United States v. Benamor, 937 F.3d

at 1189). The United States argues that the Court should likewise consider Young's criminal

history and deny his motion under Rehaif v. United States. See Second Supplemental Brief at 2.

The United States then argues that the Court should apply the plain-error standard, like the United

States Court of Appeals for the Sixth Circuit in United States v. Bowens. See Second

Supplemental Brief at 2. It also notes that the Sixth Circuit concluded, in a procedural posture

similar to this case's procedural posture, that the defendant could not show that the proceeding's

outcome would have been different. See Second Supplemental Brief at 2.

### 10.    The Third Supplemental Brief.

The United States filed another supplemental brief on October 9, 2019. See United States'

Supplemental Briefing Apprising the Court of Recent Caselaw, filed October 9, 2019 (Doc. 224-

1)("Third Supplemental Brief"). In the Third Supplemental Brief, the United States cites and

discusses United States v. Hollingshed, 940 F.3d 410 (8th Cir. 2019), in which the United States

Court of Appeals for the Eight Circuit affirmed a defendant's pre-Rehaif v. United States

conviction where the defendant did not object to the lack of a knowledge-of-status jury instruction.

See Third Supplemental Brief at 2 (citing United States v. Hollingshed, 940 F.3d at 415-16). The

United States argues that Young's case "strongly resembles" United States v Hollingshed. Third

Supplemental Brief at 2. It claims that, while the Eighth Circuit "found it significant that

Hollingshed had received a sentence of 78 months," "Young has received multiple sentences of

well over a year: 108 months, 60 months, and 45 months." Third Supplemental Brief at 2. The

United States also asserts that <u>United States v. Hollingshed</u> "demonstrates an emerging consensus that <u>Rehaif</u> challenges should fail under plain-error analysis when facts both known and unknown to the jury indicate that a defendant did in fact know of his status as a felon." Third Supplemental Brief at 2.

**<u>LAW REGARDING CONVICTIONS UNDER 18 U.S.C. §§ 922 and 924</u>**

18 U.S.C. § 922(g)(1) states that "[i]t shall be unlawful," for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. The statute also prohibits several other categories of individuals from possessing firearms. <u>See</u> 18 U.S.C. § 922(g)(2) to (9). 18 U.S.C. § 924(a)(2) states that anyone who "knowingly violates" 18 U.S.C. § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both." Congress enacted 18 U.S.C. § 924(a)(2)'s requirements in 1986. In 2019, in <u>Rehaif v. United States</u>, the Supreme Court held that the United States must prove that a defendant prosecuted under 18 U.S.C. § 922(g) "knew he belonged to the relevant category of persons barred from possessing a firearm." <u>Rehaif v. United States</u>, 139 S. Ct. at 2200.

1.      **<u>Rehaif v. United States</u>' <u>Effect on Convictions Under 18 U.S.C. § 922</u>.**

The Supreme Court provided the following factual background in <u>Rehaif v. United States</u>:

> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. App. to Pet. for Cert. 3a. Rehaif did neither.
>
> Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States, in violation of § 922(g) and § 924(a)(2). At the close of Rehaif's trial, the judge instructed the jury (over Rehaif's objection) that the "United States is not required to prove" that Rehaif

"knew that he was illegally or unlawfully in the United States." App. to Pet. for Cert. 4a (internal quotation marks omitted). The jury returned a guilty verdict, and Rehaif was sentenced to 18 months' imprisonment.

Rehaif v. United States, 139 S. Ct. at 2194. The Supreme Court relied on a textual reading of the 18 U.S.C. §§ 922 and 924, and presumptions in favor of knowledge requirements, to conclude that these statutes required a defendant to know his status. See Rehaif v. United States, 139 S. Ct. at 2195-97. While the Supreme Court recognized that its holding could create more work for courts and prosecutors, it concluded that it "doubt[ed] that the obligation to prove a defendant's knowledge of his status will be as burdensome as the Government suggests." Rehaif v. United States, 139 S. Ct. at 2198. The United States had asked the Supreme Court to hold that any error in the jury instructions was harmless, but the Supreme Court declined, noting that, because the lower courts did not address this issue, they would have to decide the question on remand. Rehaif v. United States, 139 S. Ct. at 2200.

Justice Alito, writing in dissent and joined by Justice Thomas, scolded the majority for "casually overturn[ing] the long-established interpretation of an important criminal statute, 18 U.S.C. § 922(g), an interpretation that has been adopted by every single Court of Appeals to address the question" and that had "been used in thousands of cases for more than 30 years." Rehaif v. United States, 139 S. Ct. at 2201. He said the majority's opinion would "swamp the lower courts" with litigation. Rehaif v. United States, 139 S. Ct. at 2201. Justice Alito also argued that Rehaif v. United States is in significant tension with the Supreme Court's ruling in Old Chief v. United States, 519 U.S. 172 (1997):

> Old Chief recognized that a party is generally entitled to admit evidence to prove a necessary fact even if the opposing party offers to stipulate to that fact, but the Court held that a § 922(g) defendant's offer to stipulate to the fact that he had a prior felony conviction precluded the prosecution from offering evidence about the identity of that offense. This holding appears to rest on the understanding that

> § 922(g) requires proof of status but not of knowledge. So if a defendant's knowledge is now necessary, the logic of *Old Chief* is undermined.

Rehaif v. United States, 139 S. Ct. at 2209. Justice Alito concluded by warning that the holding "opens the gates to a flood of litigation that is sure to burden the lower courts with claims for relief in a host of cases where there is no basis for doubting the defendant's knowledge." Rehaif v. United States, 139 S. Ct. at 2213.

The Tenth Circuit has not yet issued a substantive opinion regarding pre-Rehaif v. United States convictions. In United States v. Haag, 773 F. App'x 1042, it granted a joint motion for summary disposition vacating the defendant's conviction and remanding for dismissal. See 773 F. App'x at 1042. The Tenth Circuit ruled on similar issues in United States v. Wacker, 72 F.3d at 1463-65. The defendants in United States v. Wacker were convicted under a definition of "use" in 18 U.S.C. § 924(c)(1) that the Supreme Court abrogated with Bailey v. United States, 516 U.S. 137 (1995). After Bailey v. United States, prosecutors had to show that a defendant "actively employed the firearm during and in relation to the predicate crime," rather than merely storing it near drugs or drug proceeds. 516 U.S. at 138. The Tenth Circuit accordingly reversed the convictions for a defendant whose firearm was found in a bag in his truck's rear camper shell, see 72 F.3d at 1463, and for defendants who were tied to a gun found loaded in a filing cabinet at home when there was no evidence it was "mentioned, displayed, brandished or accessed in any way during the course of the drug offense," 72 F.3d at 1464. It remanded for a new trial the question whether a defendant who had carried a pistol while picking marijuana had "used" the firearm under Bailey v. United States's definition, because "we cannot say how a jury might decide this issue if properly instructed under the law." 72 F.3d at 1465. In United States v. Mansfield, 2019 WL 3858511 (D. Colo. Aug. 16, 2019)(Brimmer, C.J.), the Honorable Philip Brimmer, Chief United

States District Judge for the District of Colorado, granted a new trial to a defendant who was

convicted under 18 U.S.C. § 922(g) but had not yet been sentenced when the Supreme Court issued

Rehaif v. United States.  See 2019 WL 3858511, at *1-2.  Chief Judge Brimmer rejected the United

States's argument that the trial evidence was sufficient to sustain the defendant's conviction and

vacated the conviction.  See 2019 WL 3858511, at *1-2, 5.

The Tenth Circuit has, however, faced an analogous situation to this case, where the

Supreme Court has added an element to an offense.  In United States v. Little, 829 F.3d 1177 (10th

Cir 2016), the Tenth Circuit reviewed a conviction under 18 U.S.C. § 922(g)(1) shortly after

Henderson v. United States, 135 S. Ct. 1780 (2015), required the United States to prove "intent to

exercise dominion and control" when charging constructive possession of a firearm.  United States

v. Little, 829 F.3d at 1179.  The Tenth Circuit concluded that, even though the jury instructions

did not require this proof, "because the evidence presented at trial compels the conclusion that

Little intended to exercise control over the weapons, we hold the district court's error in omitting

the intent element from its jury instruction was harmless."  829 F.3d at 1179.

> The government submitted substantial evidence demonstrating that Little
> had exclusive control over the well house, including his placement of a lock on the
> door around the time the firearms were stolen.  And when Blythe reported to Little
> that police seized two guns, he responded "[t]hey only found two?"  Little argues
> that Blythe was an unreliable witness, but even setting her testimony aside, there is
> no dispute that Little spent at least seven and a half minutes in the six-by-eight foot
> well house when officers arrived on the day of the search.  Law enforcement found
> plainly visible ammunition in the well house and weapons on and under Little's bed,
> which spanned nearly the entire length of the house and was the only place to sit.
> Given his exclusive control of the tiny well house, and the seven and a half minutes
> he indisputably spent in it, it would be unreasonable to conclude that Little did not
> know about the presence of the weapons.

United States v. Little, 829 F.3d at 1183.

Since the Supreme Court issued Rehaif v. United States in June, 2019, numerous convicted defendants have challenged their sentences based on its holding. Several of these cases have since reached other United States Courts of Appeals. See United States v. Gilcrest, No. 17-15317, 2019 WL 6273396, at *4 (11th Cir. Nov. 25, 2019); United States v. Ward, No. 19-10470, 2019 WL 6461259, at *6 (11th Cir. Dec. 2, 2019); United States v. Reed, 941 F.3d 1018, 1021-22 (11th Cir. 2019); United States v. Hessiani, No. 18-10176, 2019 WL 4751462, at *2 (9th Cir. Sept. 30, 2019); United States v. Benamor, 937 F.3d 1182, 1189 (9th Cir. 2019); United States v. Williams, 776 F. App'x 387, 388 (8th Cir. 2019); United States v. Hollingshed, 940 F.3d 410 (8th Cir. 2019); United States v. Davies, 942 F.3d 871, 873 (8th Cir. 2019); United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019); United States v. Denson, 774 F. App'x 184, 185 (5th Cir. 2019); United States v. Johnson, 781 F. App'x 370, 371 (5th Cir. 2019); United States v. Balde, 2019 WL 5938025 (2d Cir. Nov. 13, 2019); United States v. Burghardt, 939 F.3d 397, 404 (1st Cir. 2019). These cases prove both Rehaif v. United States' majority and dissent correct: while the case's holding has opened the litigation floodgates, the government has not generally had a difficult time proving a defendant's knowledge of his or her status -- even after conviction.

Courts of Appeal are willing to uphold pre-Rehaif v. United States convictions under plain and harmless error review when the § 922(g)(1) defendant has a history of lengthy sentences. See United States v. Hollingshed, 940 F.3d at 415-416 (holding that a defendant's plain error Rehaif v. United States challenge failed, because the defendant was sentenced to 78 months imprisonment, served four years, and later served an additional 15 months after supervised release was revoked, and had called his girlfriend while in prison to get her to assert ownership of the firearm); United States v. Ward, No. 19-10470, 2019 WL 6461259, at *6 ("The fact that Ward received multiple sentences of more than one year of imprisonment for serious felonies -- and in

fact served nearly eight years in prison -- indicates that he knew that his prior offenses were punishable by more than one year of imprisonment."); United States v. Reed, 941 F.3d at 1021 (noting that the outcome would not have been different, in part because the defendant had eight felony convictions); United States v. Burghardt, 939 F.3d at 404 (concluding that the United States would have had no problem proving the defendant's knowledge of his status, because he had "pled guilty to offenses punishable by more than one year in prison," and because New Hampshire law requires judges to make sure the defendant knows the maximum sentence during plea hearings); United States v. Benamor, 937 F.3d at 1189 (finding the plain error test not satisfied where a defendant had seven felony convictions, three of which resulted in sentences of more than one year, and one of which was for being a felon in possession of a firearm and a felon in possession of ammunition); United States v. Gilcrest, 2019 WL 6273396, at *4 ("The record shows that . . . Gilcrest knew he had been convicted of a crime punishable by more than a year in prison because he had served more than a year in prison on more than one occasion. He also had a prior conviction for possessing a firearm as a felon."); United States v. Hessiani, 2019 WL 4751462, at *2 ("[B]ecause the record before the jury established that Hessiani knew he had previously been convicted in California and sentenced to imprisonment for more than one year when he possessed a firearm, the error did not affect Hessiani's substantial rights or seriously affect the fairness, integrity, or public reputation of the judicial proceedings."); United States v. Johnson, 781 F. App'x at 371 (upholding a guilty plea where the record established that the defendant had served four years in prison on two felony convictions and was on pretrial release on a state charge of unlawful possession of a firearm by a felon.); United States v. Williams, 776 F. App'x at 388 (concluding that the defendant could not show a reasonable probability that without the error the proceeding would have been different when the defendant served a fifteen year sentence for second

degree murder). Some Courts of Appeal have also given weight to a defendant's stipulation or admission that he or she is a felon. See United States v. Reed, 941 F.3d at 1022 (concluding that "the jury could have inferred that Reed knew he was a felon from his stipulation and from his testimony that he *knew* he was not supposed to have a gun")(emphasis in original); United States v. Denson, 774 F. App'x at 185 (noting that the defendant had stipulated in to his status as a felon); United States v. Gilcrest, 2019 WL 6273396, at *4 (concluding that the defendant knew of his status, partly because he stipulated to being a felon at the time of the offense); United States v. Williams, 776 F. App'x 387, 388 (8th Cir. 2019). But cf. United States v. Davies, 942 F.3d at 874 (rejecting the United States' argument that a defendant's stipulation that he entered a guilty plea meant that he was aware he had been convicted).

### 2. The Standard of Review For District Courts.

In ruling on a criminal defendant's new trial motions, federal district courts may, "[u]pon the defendant's motion," "vacate and judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 52 of the Federal Rules of Criminal Procedure provides different standards for which errors a court may consider as it reviews motions. Rule 52(a) states that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded," while rule 52(b) states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52. Although rule 52(b) is frequently discussed in the context of appellate review of new trial motions, its application to district court proceedings has garnered less attention. See United States v. Washington, 263 F. Supp. 2d 413, 426 (D. Conn. 2003)(Arterton, J.). Nevertheless, justices, courts and treatises have concluded that rule 52 binds district courts. See e.g., United States v. Frady, 456 U.S. 152, 179 (1982)(Brennan, J., dissenting)("Significantly, although some of the Rules of

Criminal Procedure appear under headings such as 'Preliminary Proceedings,' 'Trial,' or 'Appeal,' Rule 52(b) is one of the 'General Provisions' of the Rules, applicable to all stages of all criminal proceedings in federal courts."); United States v. Adigun, 998 F. Supp. 2d 356, 363 (M.D. Pa. 2014)(Conner, C.J.); United States v. Colbert, No. CR 09-301-GW, 2012 WL 12906277, at *2 (C.D. Cal. Mar. 13, 2012)(Wu, J.); United States v. Johnson, 713 F. Supp. 2d 595, 606 (E.D. La. 2010)(Berrigan, J.); United States v. Washington, 263 F. Supp. 2d 413; United States v. Lawhorne, 29 F. Supp. 2d 292, 313 (E.D. Va. 1998)(Payne, J.); Charles A. Moore, 8A Moore's Fed. Prac. § 633.21[1] ("The requirement of Rule 51 that objections must have been made at the trial court level and the doctrines of harmless and plain error as stated in Rule 52 apply to Rule 33 motions."); Wright & Miller, Fed. Prac. & Proc. Crim. § 851. Still, in ruling on a new trial motion, a district court has more discretion to grant a new trial than a Court of Appeals. See United States v. Sutton, 767 F.2d 726, 728 (10th Cir. 1985)("The [new trial] motion is not regarded with favor and should be granted only with great caution, being addressed to the sound discretion of the trial court. The decision of the trial court will not be disturbed unless there has been an abuse of such discretion." (citation omitted)). While failing to order a new trial where intervening law has added an element to a crime is in tension with Apprendi v. New Jersey's holding that the Sixth and Fourteenth Amendments to the Constitution of the United States "indisputably entitle a criminal defendant to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt,'" Apprendi v. New Jersey, 530 U.S. 466, 476-77 (2000)(quoting United States v. Gaudin, 515 U.S 506, 510 (1995)), the Supreme Court in United States v. Cotton, 535 U.S. 625, 632 (2002), applied plain error review to such errors. See United States v. Olivas-Perea, 297 F. Supp. 3d 1191, 1205-06 (D.N.M. 2017)(Browning, J.)(describing the limits of the right to a jury trial).

The Tenth Circuit applies plain-error review when a party appeals an error not presented to a lower court.  See United States v. Malone, 937 F.3d 1325, 1327 (10th Cir. 2019).  Still a party "'that has *forfeited* a right by failing to make a proper objection may obtain relief for plain error; but a party that has *waived* a right is *not* entitled to appellate relief.'"  United States v. Malone, 937 F.3d at 1327 (quoting United States v. Cruz-Rodriguez, 570 F.3d 1179, 1183 (10th Cir. 2009)(emphasis in original)).  The Tenth Circuit has stated that "waiver occurs when a party deliberately considers an issue and makes an intentional decision to forgo it. While forfeiture comes about through neglect, waiver is accomplished by intent."  United States v. Malone, 937 F.3d at 1327.

## LAW REGARDING MOTIONS FOR A NEW CRIMINAL TRIAL

Rule 33 of the Federal Rules of Criminal Procedure provides:

**(a)      Defendant's Motion.**  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

**(b)      Time to File.**

      **(1)      Newly Discovered Evidence.**  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

      **(2)      Other Grounds.**  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33 (bold in original).  Under rule 33, the district court has discretion to grant a new trial if the interests of justice require one.  See Fed. R. Crim. P. 33(a).  See also United States v. Quintanilla, 193 F.3d 1139, 1146 (10th Cir. 1999)("Federal Rule of Criminal Procedure 33

authorizes a district court to grant a new trial if required by the interests of justice."). The decision whether to grant a new trial is committed to the sound discretion of the trial court. See United States v. Sutton, 767 F.2d at 728. "[A] defendant may not invoke rule 33 when he or she has pled guilty." United States v. Christy, 883 F. Supp. 2d 1040, 1044 (D.N.M. 2012)(Browning, J.)(citing United States v. Lambert, 603 F.2d 808, 809 (10th Cir. 1979)). "The Tenth Circuit has further stated that when 'deciding a motion for new trial, the [trial] court may weigh the evidence and consider the credibility of witnesses in determining whether the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'" United States v. Thomas, No. 13-CR-01874 MV, 2016 WL 9819560, at *8 (D.N.M. Aug. 5, 2016)(Vázquez, J.)(alteration added by United States v. Thomas)(quoting United States v. Evans, 42 F.3d 586, 593 (10th Cir. 1994)(Seymour, C.J.)). "The power to grant a new trial on the ground that the verdict is against the weight of the evidence should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." United States v. Guzman-Martinez, No. CR 03-2118 RB, 2004 WL 7338099, at *1 (D.N.M. March 10, 2004)(Brack, J.).

The Court has previously addressed motions for new trials under rule 33 in various cases. See, e.g., United States v. Baca, No. CR 16-1613 JB, 2019 WL 2649835, at *44-54 (D.N.M. June 27, 2019)(Browning, J.)(denying a motion for a new trial where the defendant argued the witnesses were unreliable and the verdict was against the weight of the evidence, because the Court determined that the trial evidence supports the verdict); United States v. Folse, No. CR 15-2485 JB, 2018 WL 6047415, at *20-22 (D.N.M. Nov. 19, 2018)(Browning, J.)(denying a motion for a new trial and a request for additional discovery where the defendant did not produce evidence that, with additional discovery, he could show that the United States destroyed evidence and, despite having earlier had notice that alleged deficiencies might exist in the United States' evidence, he

did not seek evidence of such information); United States v. Neha, No. CR 04-1677 JB, 2006 WL 4062889, at *2-4 (D.N.M. June 26, 2006)(Browning, J.)(denying a new trial motion where the defendant complained of the United States' brief references to his criminal history and of the United States' comment to the jury that the Court altered a co-conspirator's statement, because the weight of the evidence supported the verdict).

Rule 33 permits a defendant to move for a new trial in the event of newly discovered evidence if the defendant presents that motion within three years of the verdict of guilt. See Fed. R. Crim. P. 33(b)(1). Ordinarily, a defendant seeking a new trial under rule 33(b)(1) must satisfy a five-part test for newly discovered evidence that the Tenth Circuit outlined in United States v. Sinclair. See United States v. Sinclair, 109 F.3d at 1531. The defendant must show that:

> "(1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal."

United States v. Sinclair, 109 F.3d at 1531 (quoting United States v. Stevens, 978 F.2d 565, 570 (10th Cir. 1992)). See United States v. Quintanilla, 193 F.3d at 1147 (discussing United States v. Sinclair's rule 33 test). See also United States v. Velarde, No. CR 98-391 JB, 2008 WL 5993210, at *31-44 (D.N.M. May 16, 2008)(Browning, J.)(permitting a new trial in a sexual assault case where, after the trial, the defendant uncovered evidence that the alleged victim had accused other individuals of sexual assault). "Under Sinclair, a court cannot grant a new trial on the discovery of new impeachment evidence." United States v. Rodella, No. CR 14-2783 JB, 2015 WL 711931, at *33 (D.N.M. Feb. 2, 2015)(Browning, J.)(citing United States v. Sinclair, 109 F.3d at 1531).

## **ANALYSIS**

The Court concludes that Young is not entitled to a new trial. The Court reviews Young's motion under rule 33's "interest of justice" standard and in accordance with rule 52(b)'s guidance for plain error. Fed. R. Crim. P. 33. The Tenth Circuit has stated that, to demonstrate plain error, litigants must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Bustamante-Conchas, 850 F.3d 1130, 1137 (10th Cir. 2017)(en banc). The United States has conceded that the error was plain, see Response at 9 n.8, but it argues that Young has waived his objection, and that the error neither affects his substantial rights, nor seriously affects the judicial proceeding's fairness, integrity, or public reputation, see Response at 9. The Court will not grant Young a new trial, because, although he forfeited his objection and did not waive it, he fails to prove the third and fourth prong of the Tenth Circuit's plain error analysis: that the missing jury instruction affects his substantive rights, or that it seriously affects the judicial proceeding's fairness, integrity, or public reputation.

I.    **YOUNG DID NOT WAIVE HIS OBJECTION BY ARGUING AGAINST THE ADMISSION OF EVIDENCE REGARDING HIS KNOWLEDGE OF HIS STATUS AS A FELON.**

The United States argues that Young has "intentionally relinquished his objection" by requesting the Court to keep out testimony that Young knew he was a felon. Motion at 9 n.8. The case which the United States cites for the proposition that a defendant can waive an objection by adopting a litigation position which is fundamentally inconsistent with an objection makes this statement only in the context of appellate review. See Motion at 9 n.8 (citing United States v. Cruz-Rodriguez, 570 F.3d at 1184). United States v. Cruz-Rodriguez notes that "[a]s for the availability of appellate review . . . a party that has *waived* a right is *not* entitled to appellate relief," 570 F.3d at 1183 (emphasis in original), and that the defendant's litigation position "gave up his

right to appellate review of this challenge under any standard of review -- plain or otherwise," 570 F.3d at 1183.  A few federal district courts have applied waiver to new trial motions.  See United States v. Adams, 150 F. Supp. 3d 32, 36-37 (D.D.C. 2015)(Boasberg, J.); United States v. Lecco, 634 F. Supp. 2d 633, 650 (S.D. W. Va. 2009)(Copenhaver, Jr., J.); United States v. Zvi, 965 F. Supp. 344, 348-49 (E.D.N.Y. 1997)(Platt, J.).  In any event, Young did not take a litigation position "fundamentally inconsistent" with his subsequent objection.  570 F.3d at 1184.  The Tenth Circuit concluded that Cruz-Rodriguez had waived his objection, because he objected to jury instructions that did not require the United States to prove that he had been deported previously, even though he had stipulated to the fact of his prior deportations at trial.  See 570 F.3d at 1182.  There is no such inconsistency here.  Young argues in the Motion that the United States needed to prove that he knew he was a felon, and he argued pre-trial that evidence concerning this knowledge was unduly prejudicial to his case.  See Response to United States' Motion in Limine to Allow Testimony at Trial by Probation and Parole Officer Barela at 1-2, filed November 28, 2018 (Doc. 145).  Young again would attempt to prevent this evidence's admission at retrial.  The Court concludes that Young has not waived his right to object at this stage, because the litigation position he took during trial was not "fundamentally inconsistent" with his later objection.  570 F.3d at 1184.

## II.    YOUNG CANNOT SHOW THAT ERRONEOUS JURY INSTRUCTIONS AFFECTED HIS SUBSTANTIAL RIGHTS.

Young cannot show that his second trial affected his substantial rights.  To demonstrate that his substantial rights were harmed, a defendant must show that "'there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" United States v. Bustamante-Conchas, 850 F.3d at 1138 (quoting United States v. Algarate-

Valencia, 550, F.3d 1238, 1242 (10th Cir. 2008)). Young does not meet this standard, because there is ample evidence that he knew his status as someone who had been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. 922(g)(1).

Apache Young's Presentence Investigation Report, filed January 29, 2019 (Doc. 180)("PSR"), discusses his adult criminal history in paragraphs 31 through 39. PSR ¶¶ 31-39, at 7-11. In 2002, Young was sentenced to a combined three years and nine months in custody for convictions on eight separate counts. See PSR ¶ 31, at 7. In 2004, Young was sentenced to eighteen months in prison -- with nine months suspended -- for an attempted robbery. See PSR ¶ 33, at 8. In 2005, Young was convicted of three counts of aggravated battery for shooting four people with pellets from a "shotgun type of weapon." PSR ¶ 34, at 9. He was sentenced to nine years in prison -- with six years suspended -- two years of parole and five years of supervised release. See PSR ¶ 34, at 8. In 2009, Young committed three robberies in three days with another defendant while armed with either a sawed-off shotgun or knives. See PSR ¶ 35 at 10. Young was sentenced to five years in prison. See PSR ¶ 35 at 9. Young does not object to any of these facts. See Defendant's Objections and Corrections to the Presentence Report at 1-3, filed February 27, 2019 (Doc. 183). This situation is not analogous to what the Supreme Court discussed in Rehaif v. United States, where a felon lacks knowledge of his status, because he was "convicted of a prior crime but sentenced only to probation, [and therefore] does not know that the crime is '*punishable* by imprisonment for a term exceeding one year.'" Rehaif v. United States, 139 S. Ct. at 2198 (quoting 18 U.S.C. § 922(g)(1))(emphasis in original). Young was repeatedly sentenced to prison terms exceeding one year, and he served them. See PSR ¶¶ 31-35, at 7-9.

Rehaif v. United States requires only that a defendant know that he or she has been convicted of "a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C.

§ 922(g)(1), not that this conviction prevents him or her from possessing firearms, see Rehaif v. United States, 139 S. Ct. at 2198; Tr. at 7:3-8:11 (Court, Knoblauch).  In light of his extensive history of convictions and imprisonment, Young's knowledge of his status as a felon is apparent. Young, cannot show a reasonable probability that, had the Court instructed the jury on 18 U.S.C. § 922(g)(1)'s new element, the outcome would have been different.

## III. YOUNG'S PRE-REHAIF V. UNITED STATES CONVICTION DOES NOT SERIOUSLY AFFECT THE JUDICIAL PROCEEDINGS' FAIRNESS, INTEGRITY, OR PUBLIC REPUTATION.

Young's Motion fails under the plain-error standard's final prong, because it does not "seriously affect the fairness, integrity, or public reputation of the judicial proceedings."  United States v. Olano, 507 U.S. at 732.  In Johnson v. United States, 520 U.S. 461, the Supreme Court granted certiorari to answer if a trial court's failure to let a jury decide whether perjured testimony was material could be sustained under a plain-error standard, when intervening Supreme Court precedent mandated that juries decide materiality questions.  See 520 U.S. at 461.  The Supreme Court reviewed the record and concluded that the evidence supporting materiality was overwhelming, and it noted that the petitioner had presented no arguments that her false testimony was immaterial.  See 520 U.S. at 469-70.  The Supreme Court justified its decision to avoid deciding whether the district court's materiality finding affected the substantial rights of a defendant by skipping to plain error's fourth prong, and observing that, "'[r]eversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it.'  No 'miscarriage of justice' will result here if we do not notice the error, and we decline to do so."  Johnson v. United States, 520 U.S. at 470 (citations omitted)(quoting R. Traynor, the Riddle of Harmless Error 50 (1970); United States v. Olano, 507 U.S. at 736).  Similarly, in United States v. Cotton, 535 U.S. 625 (2002), the Supreme Court did

not decide whether an omission from a federal indictment of a fact that enhanced the statutory maximum sentence affected substantial rights, because the "evidence [of the enhancing fact] was 'overwhelming' and 'essentially uncontroverted.'" 535 U.S. at 626. As discussed above, Young does not controvert the overwhelming evidence suggesting that he knew of his status as a felon. Accordingly, the Court concludes that denying Young a new trial would best serve the fairness, integrity, and public reputation of its judicial proceedings.

**IT IS ORDERED** that the Defendant Apache Young's Motion For a New Trial, filed July 23, 2019 (Doc. 209), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
  United States Attorney
Paul H. Spiers
Kristopher N. Houghton
Paul Edward Schied
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Jennifer J. Wernersbach
Law Offices of Jennifer J. Wernersbach, P.C.
Albuquerque, New Mexico

--and--

Charles E. Knoblauch
Charles E. Knoblauch Attorney at Law
Albuquerque, New Mexico

*Attorneys for the Defendant*